IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-00237-FL-1
No. 5:13-CV-00406-FL

| | |
|---|---|
| **John Ivey Hall,** | |
| Petitioner, | |
| v. | **Memorandum & Recommendation** |
| **United States of America**, | |
| Respondent. | |

Petitioner John Ivey Hall, proceeding under 28 U.S.C. § 2255, seeks to vacate, set aside, or correct the 240 month sentence of imprisonment imposed in connection with his guilty plea to one count of conspiracy to distribute and possession with the intent to distribute more than 50 grams of cocaine base (crack) and a quantity of marijuana, in violation of 21 U.S.C. § 846. ("Motion to Vacate") Hall argues that he is entitled to relief because his attorney failed to properly advise him of the drug weight that he would be held accountable for at sentencing, failed to properly investigate the factual basis for that drug quantity, and failed to object to the drug quantity at sentencing. The Government argues that Hall is not entitled to relief due to the statements he made under oath during his Rule 11 colloquy and because he has failed to allege sufficient facts to establish that he was prejudiced by his attorney's allegedly inadequate performance.

After reviewing the docket and the arguments of the parties, it appears that Hall is not entitled to the relief he seeks because he failed to demonstrate that his counsel was ineffective

either at the arraignment or at sentencing. Therefore, the undersigned recommends[1] that the court deny Hall's Motion to Vacate (D.E. 72) and grant the Government's Motion to Dismiss (D.E. 75).

I.  **Background**

In 2011, Hall entered a guilty plea to one count of conspiracy to distribute and possession with the intent to distribute more than 50 grams of cocaine base (crack) and a quantity of marijuana, in violation of 21 U.S.C. § 846. After the court conducted its Rule 11 colloquy and Hall pled guilty, the Government made a proffer of the evidence which it believed it could establish if the case were to go to trial. Among the information included in the Government's proffer was the statement that a cooperating defendant stated that he purchased approximately nine kilograms of crack cocaine from Hall between 2006 and 2008. Arraignment Tr. at 20:3–8., D.E. 65. Based upon the colloquy and the Government's proffer, the court accepted Hall's guilty plea and adjudged him guilty. *Id.* at 21:1–10. Pursuant to the terms of a written plea agreement, the Government agreed to dismiss a second count of possession with the intent to distribute in excess of 50 grams of cocaine base (crack) and a quantity of marijuana.

Prior to his sentencing hearing, the United States Probation Office prepared a Presentence Investigative Report ("PSR") that outlined various factors that would inform the court's decision regarding Hall's sentence. Among the items in the PSR was a statement that a cooperating witness had purchased over 16 kilograms of crack cocaine from Hall since 1997, including more than 13 kilograms purchased between December 2006 and January 2009. PSR ¶ 4, D.E. 47. Hall's attorney objected to the inclusion of the 13 kilograms of cocaine on the basis that Hall denied selling crack cocaine during that timeframe. *Id.* at 12. However, at sentencing, Hall's

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

attorney withdrew all his objections to the PSR. Sentencing Tr. at 5:14–18, D.E. 64. The court ultimately sentenced Hall to a 240 month term of imprisonment.

Hall unsuccessfully appealed his sentence to the Fourth Circuit Court of Appeals and did not seek a writ of certiorari from the Supreme Court. His time to file a petition for a writ of certiorari expired in September 2012. On July 3, 2013, he filed his Motion to Vacate and the Government responded by filing a Motion to Dismiss.

## II. Analysis

### A. Standard of Review for § 2255 Petitions

In order to prevail on his Motion to Vacate, Hall must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion." 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (*per curiam*).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a § 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. Rules Governing Section 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

3

The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a § 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

**B.     Ineffective Assistance of Counsel in Connection with his Guilty Plea**

Hall claims that his sentence was imposed in violation of the Constitution because his appointed counsel's performance was so inadequate that it violated his right to counsel under the Sixth Amendment to the Constitution. The Sixth Amendment provides that "[i]n all criminal

4

prosecutions, the accused shall enjoy the right … to have the assistance of counsel for his defense." U.S. Const. amend VI. A defendant's right to assistance of counsel may be violated if his attorney fails to provide adequate legal assistance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right applies at all stages of a criminal proceeding, including sentencing. *Mempa v. Rhay*, 389 U.S. 128, 134 (1967); *United States v. Burkley*, 511 F.2d 47, 51 (4th Cir. 1975).

In *Strickland*, the Supreme Court held that a petitioner must satisfy a two-pronged test to establish a claim of ineffective assistance of counsel. 466 U.S. at 686–87. First, the petitioner must show that his attorney's performance fell below an objective standard of reasonableness. *Id.* at 688. Courts must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* In order to demonstrate prejudice after a defendant has plead guilty, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Moreover, Hall "must convince the court that such a decision would have been rational under the circumstances." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

Hall claims that his attorney failed to properly advise him about the drug amounts that he would be held responsible for at sentencing, thereby rendering his guilty plea involuntary. D.E 72-1 at 4–5. Specifically, he claims that his attorney told him that he would only be held accountable for 103.9 grams of crack which was found in his possession at the time of his arrest. *Id.* at 1-2. It was not until the Government's factual proffer in support of Hall's guilty plea that he learned that the Government would seek to hold him liable for selling approximately nine

5

kilograms of crack over a multi-year period. *Id.* Ultimately, the PSR attributed 16.3862 kilograms of crack cocaine to Hall. PSR, D.E. 47, ¶ 4.

Hall contends that had he known the Government would seek to hold him accountable for such a large amount of crack, he would never have entered a guilty plea. Hall submits that he informed his counsel that the Government's representation was untrue and that counsel responded by saying he would file an objection to the drug quantity. Hall also asserts that, despite assurances from counsel that his sentence would only be based on the 103.9 grams of cocaine base (crack), his sentence was increased by the exaggerated drug quantity.

Hall is not the first defendant to contend in a § 2255 proceeding that he would not have plead guilty had he known the amount of drugs that he would be held responsible for at sentencing. Courts have not been receptive to these arguments. Instead, courts have routinely rejected claims of ineffective assistance of counsel based upon an incorrect estimation of the drug quantity the defendant would be held responsible for so long as the defendant was advised of the maximum penalty associated with the charges against him and understood that the district court judge had the discretion to impose whatever sentence it deemed appropriate. *United States v. Adams*, 90 F.3d 830 (4th Cir. 1996) (unpublished); *United States v. Craig*, 985 F.2d 175, 179-80 (4th Cir. 1993); *United States v. Foster*, 68 F.3d 86; *United States v. Lambey*, 974 F.2d 1389, 1394-95 (4th Cir. 1992) (*en banc*); *Branch v. United States*, Nos. 4:11-CR-00082-F-1 & 4:13-CV-00028-F, 2014 WL 7384960 (E.D.N.C. Dec. 29, 2014); *Brown v. United States*, Nos. 5:12-CR-143-D & 5:13-CV-801-D, 2014 WL 3110020, *3 (E.D.N.C. July 7, 2014).

Here, Hall's statements during his Rule 11 Hearing preclude him from establishing that absent his counsel's allegedly erroneous advice he would have proceeded to trial. During the plea colloquy, Hall stated, under oath, that he understood the punishment for the offense was a

6

Case 5:10-cr-00237-FL   Document 82   Filed 07/23/15   Page 6 of 12

minimum of ten years imprisonment, up to a potential maximum of life imprisonment. Arraignment Tr. at 14:11–15:7, D.E. 65. Hall twice affirmed his understanding that any sentencing recommendations were not binding and on the court at sentencing, and that the Chief Judge was free to impose any sentence she deemed just and proper. *Id.* at 17:10–25. Hall also stated twice that he understood that he could not later withdraw his guilty plea and reclaim his right to trial. *Id.* at 16:21–25; 18:1–4.

Hall also stated that his counsel had discussed the case and the plea with him, that counsel answered all of his questions, and that he was satisfied with counsel's representation. *Id.* at 12:6–19. Hall stated that no one had attempted to force or threaten him to plead guilty, and that his plea was not the result of any promises other than those contained in his written Plea Agreement. *Id.* at 16:5–15. Hall then stated that he was guilty as charged in Count I. *Id.* at 19:1–16.

In light of the information provided by the court during the Rule 11 Hearing and Hall's sworn statement that he understood this information, he cannot establish that he was prejudiced by his attorney's alleged failure to accurately advise him about the drug quantity he would be held responsible for at sentencing. Therefore, the undersigned recommends that the court dismiss Hall's claim of ineffective assistance of counsel at his arraignment.

### C. Ineffective Assistance in Connection with Sentencing

Hall also asserts that his counsel's performance was constitutionally deficient at sentencing. He claims that his attorney failed to adequately investigate the credibility of a cooperating witness who asserted that Hall sold him nine kilograms of crack between 2006 and 2008. Mot. to Vacate at 5–6, D.E. 72-1. Additionally, he claims that his attorney should have objected to the drug amounts that he was held accountable for in the PSR. *Id.* at 11. The

7

Government claims that Hall's claims are procedurally barred because he unsuccessfully raised this issue on direct appeal and that he failed to demonstrate that he was prejudiced by any alleged errors made by his counsel.

Just as with his claim for ineffective assistance of counsel in connection with his guilty plea, in order to demonstrate that ineffective assistance of counsel at sentencing, Hall must show that his attorney's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In order to satisfy *Strickland*'s prejudice prong, Hall "must show a reasonable probability that he would have received a more lenient sentence if not for counsel's errors." *Whitley v. United States*, Nos. 7:07–CR–142–FL, 7:09–CV–144–FL, 2011 WL 2036704, at *2 (E.D.N.C. May 24, 2011) (citing *Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished)). After reviewing Hall's arguments, he has failed to establish that he was prejudiced by his counsel's actions. Therefore, the undersigned recommends that the court dismiss his Motion to Vacate.

### 1. Failure to Investigate Background and Statements of Cooperating Witness

Hall challenges his attorney's failure to investigate the cooperating witness to obtain impeachment or other evidence favorable to his case. This argument is based upon Hall's assertion that "his lawyer did not seek to verify or investigate the credibility of the 'cooperating defendant witness' who alleged that the Movant sold him approximately nine kilograms of crack cocaine." Mot. to Vacate at 6, D.E. 72-1. The Government does not directly address this contention, but, instead, claims that the Fourth Circuit determined that even if his "counsel had investigated and objected to the drug quantity attributed to [Hall] at sentencing, [his] advisory guideline range would have remained the same." Mem. Supp. of Mot. to Dismiss at 7, D.E. 76.

Under the Sixth Amendment, an attorney "has a duty to make reasonable investigations or make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. However, "an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990) (stating that appellant's failure to "advise ... of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify" was fatal to his ineffective assistance of counsel claim).

Hall's Motion does not discuss what, if anything, the investigation into the veracity or credibility of the cooperating witness would have uncovered.[2] Therefore, he has failed to allege sufficient factual matter to show that he is entitled to relief on this claim. *See Putney v. United States*, Nos. 4:08-CR-38-FL-1, 4:11-CV-151-FL, 2014 WL 3563334, *4 (E.D.N.C. July 18, 2014). Therefore, the undersigned recommends that the court dismiss his claim for ineffective assistance of counsel based upon a failure to conduct an adequate investigation.

### 2. Failure to Object to at Sentencing to Drug Amount

Finally, Hall faults his counsel for failing to pursue an objection to the amount of crack cocaine attributed to him at the sentencing hearing. While Hall admits that it was appropriate to hold him responsible for the sale of at least 50 grams of crack (D.E. 72-1 at 10), he contends that his attorney erred by withdrawing an objection to the PSR's assertion that he be held responsible for over 16 kilograms of crack cocaine. *Id.* According to Hall, had his attorney not withdrawn the objection at sentencing, the attorney "could have made a 'non-frivolous argument'" that the Government could not establish that he should be held accountable for the sale of the larger

---

[2] The PSR noted that the Government's cooperating witness "has been proven truthful and reliable" to law enforcement officials.

9

amount of crack cocaine. *Id.* at 9. Had his counsel prevailed on this argument, Hall's base offense level would have been lower and he would have been eligible for a lower advisory sentencing range.

An attorney's decision to withdraw an objection to information contained a presentence investigative report is a tactical one. *See Harris v. United* States, Nos. 5:12–CR–120–D, 5:13–CV–117–D, 2014 WL 1233115, *3 (E.D.N.C. Mar. 25, 2014); *Boney v. United States*, Nos. 7:08–CR–75–2–D, 7:10–CV–37–D, 2010 WL 3155163, *3 (E.D.N.C. Aug. 4, 2010) ("Moreover, 'a very good tactical reason—not being overly contentious while [Boney] still needed the government to [explain the basis of] a substantial assistance motion and the district court to be convinced that he had accepted responsibility—supported the defense lawyer's decision' to withdraw the objection."). As a result, it is entitled to to substantial deference on collateral review. *Strickland*, 466 U.S. at 690.

Hall supports his argument by speculating about what might have happened in a best-case scenario if his attorney had pursued the objection. He concludes that if his counsel has pursued the objection, the inquiry could have "cast doubt upon whether … the government had proved [Hall's] drug weight accountability by a preponderance of the evidence." Mot. to Vacate at 10. However without more, Hall's speculative and conclusory statements are insufficient to overcome the deference afforded to his counsel's strategic decision. As a result, he has not shown a reasonable probability that he would have received a lesser sentence had his attorney pursued the objection. *See Iqbal*, 556 U.S. at 679 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"). Therefore, the

undersigned recommends that the court dismiss Hall's claim of ineffective assistance of counsel based upon a failure to object to the drug quantity contained in the PSR.

## III. Conclusion

For the foregoing reasons, the undersigned recommends that the court deny Defendant's motions to vacate, set aside or correct sentence (D.E. 72) and grant the Government's motion to dismiss (D.E. 75).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on each of the parties or, if represented, their counsel. Each party shall have until 14 days after service of the Memorandum and Recommendation on the party to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the**

**Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: July 23, 2015.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE