IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-237-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| JOHN IVEY HALL, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motions for reduction of sentence pursuant to the First Step Act of 2018 (DE 94) and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 102). The government responded in opposition to defendant's First Step Act motion and did not respond to the motion for compassionate release. In this posture, the issues raised are ripe for ruling. For the reasons stated below, the court denies the motions.

**BACKGROUND**

On March 16, 2011, defendant pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base and a quantity of marijuana, in violation of 21 U.S.C. § 846. The court held defendant's sentencing hearing on August 22, 2011. The presentence investigation report, which the court adopted, determined defendant's Guidelines range was 235 to 293 months' imprisonment, based on offense level 35 and criminal history category IV. Defendant's offense level was based in part on distribution of over 16 kilograms of cocaine base and nine kilograms of marijuana. Defendant's lengthy criminal history includes North Carolina convictions for attempting to break and enter, carrying a concealed weapon, altering or removing a serial number from a firearm, three convictions for possession of marijuana, possession of cocaine, maintaining a vehicle or dwelling

place for distribution of a controlled substance, and possession of drug paraphernalia. Defendant also committed the instant offense while on probation. The court sentenced defendant to 240 months' imprisonment, and five years' supervised release.

On January 29, 2016, defendant moved for sentence reduction pursuant to Amendment 782 to the Guidelines, which retroactively reduced the base offense level for offenses involving cocaine base. The court granted the motion on February 18, 2016, reducing defendant's custodial sentence to 192 months' imprisonment.

Defendant filed the instant motion for reduction of sentence pursuant to the First Step Act on July 22, 2019. The government responded in opposition on August 2, 2019. Defendant replied on September 5, 2019.

Defendant filed the instant motion for compassionate release on July 7, 2020, raising concerns about his risk of contracting the communicable disease known as COVID-19. The government did not respond to defendant's motion for compassionate release.

## COURT'S DISCUSSION

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3,

2

2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants who committed their offenses before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits. Id.

Here, defendant is eligible for relief where the statutory penalties for conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base were modified by section 2 of the Fair Sentencing Act, defendant committed the offense before August 3, 2010, and he is not otherwise excluded from seeking relief under the Act. First Step Act § 404(a); Gravatt, 953 F.3d at 259-60. The court thus turns to whether it should exercise its discretion to reduce defendant's sentence.

If sentenced today, defendant would be subject to the same Guidelines range the court calculated in connection with his Amendment 782 sentence reduction proceeding. (PSR Modification (DE 97)). Defendant argues the court should vary downwardly from the Guidelines based upon the 18 U.S.C. § 3553(a) factors, particularly defendant's post-sentencing conduct. The court, however, must balance defendant's post-sentencing conduct against the factors that justified defendant's sentence in the first instance. Defendant distributed over 25 kilograms of cocaine base and marijuana (in the aggregate) in this district. (Id.). As set forth above, defendant also has an extensive criminal history spanning over twenty years.[1] (PSR (DE 47) ¶¶ 1, 9-18). He was afforded numerous opportunities in state court to reform his conduct but returned to criminal activity on each occasion. (See id.).

With respect to defendant's post-sentencing conduct, he has been in custody over nine years, during which time he has amassed almost 500 days of good time credit and earned his GED. (Mot. Ex. A (DE 100-1)). Defendant has not committed any disciplinary infractions, and he has completed significant programming, including the classroom portion of the Commercial Driver's License certification, parenting, problem solving, and drug education classes. (Mot. Exs. A & C (DE 100-1, 100-3)). Finally, defendant has maintained consistent employment and received strong work evaluations. (Id.).

While the court commends defendant for his record of achievement in custody, the court finds these factors do not justify a downward variance in light of the offense conduct at issue and defendant's criminal history, discussed above. Having evaluated the instant motion under the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness

---

[1] Defendant notes that only two of these convictions were felony offenses.

of the offense, afford adequate deterrence to criminal conduct, and to protect the public from further crimes.

Defendant also moves for compassionate release based on his risk of contracting COVID-19 while incarcerated. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step Act § 603, 132 Stat. at 5239. The court may reduce defendant's term of imprisonment if, after consideration of the § 3553(a) factors, it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[2]

Assuming without deciding that defendant's medical conditions and his risk of contracting COVID-19 constitute extraordinary and compelling circumstances,[3] the § 3553(a) factors do not justify release for the reasons set forth above. See United States v. McCoy, __ F.3d __, 2020 WL 7050097, at *2 (4th Cir. 2020) (stating that § 3582(c)(1)(A) requires district courts to determine "if the § 3553(a) factors merit [compassionate release]"); see also United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (explaining district court may deny motion for compassionate release

---

[2] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

[3] The government does not contest that defendant exhausted administrative remedies.

5

based on the § 3553(a) factors even if defendant establishes extraordinary and compelling reasons for release). Accordingly, the court denies defendant's motion for compassionate release.

## CONCLUSION

Based on the foregoing, defendant's motions for reduction of sentence pursuant to the First Step Act (DE 94) and compassionate release (DE 102) are DENIED.

SO ORDERED, this the 15th day of December, 2020.

LOUISE W. FLANAGAN
United States District Judge